PEOPLE v. JONES

1. APPEAL AND ERROR—CRIMINAL LAW—PUNISHMENT.
   The Court of Appeals does not have supervisory control of punishment that is within the statutory limits.

2. CRIMINAL LAW—PUNISHMENT—OUT OF COURT INFORMATION.
   Allegation that trial court erred by not having defendant, convicted of breaking and entering with intent to commit larceny, present when presentence report was presented to the court is without merit as trial courts are not restricted to evidence presented by testimony of witnesses but may properly consider responsible unsworn or "out of court" information relative to the crime and the convicted person in determining sentence (MCLA § 750.110).

Appeal from Berrien, Chester J. Byrns, J. Submitted Division 3 June 16, 1969, at Grand Rapids. (Docket No. 6,070.) Decided August 28, 1969.

Richard Nelson Jones was convicted on his plea of guilty of breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald A. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger,* Assistant Prosecuting Attorney, for the people.

*Thomas H. Adams,* Jr., for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 938.
    21 Am Jur 2d, Criminal Law §§ 533, 572.
[2] 21 Am Jur 2d, Criminal Law § 303.

R. B. BURNS, J. Defendant pled guilty to breaking and entering with intent to commit larceny. MCLA § 750.110 (Stat Ann 1962 Rev § 28.305). Defendant was sentenced April 15, 1968, to three to ten years in prison. He appeals, claiming that he was not given equal protection of the law as his codefendant, with the same background, received a lesser sentence.

The trial judge spent considerable time at sentencing, talking to the defendant. The defendant had an ample opportunity to tell the judge any and all mitigating circumstances bearing upon his sentence. The trial judge reviewed the defendant's past record in his presence. This Court does not have supervisory control of punishment that is within the statutory limits. *People* v. *Pate* (1965), 2 Mich App 66; *People* v. *Doran* (1967), 6 Mich App 86.

Defendant also claims the trial court erred by not having him present when the court heard evidence to determine punishment because he was not present when the probation officer presented the pre-sentence report to the court. In *Williams* v. *New York* (1949), 337 US 241 (69 S Ct 1079, 93 L Ed 1337), reiterated in *Williams* v. *Oklahoma* (1959), 358 US 576 (79 S Ct 421, 3 L Ed 2d 516), the Supreme Court of the United States held that once an accused had been found guilty, the sentencing judge was not restricted to evidence derived from the examination and cross-examination of witnesses, but could consider responsible unsworn or "out of court" information relative to the circumstances of the crime and the convicted person's life and character in determining the sentence.

Affirmed.

All concurred.