PEOPLE *v.* WEBB

1. CRIMINAL LAW—CONSTITUTIONAL LAW—PLEA OF GUILTY—WAIV-
ER OF RIGHTS.

    A decision of the United States Supreme Court relating to
waiver of a defendant's constitutional rights and the taking
of his plea of guilty is not retroactive and does not affect
the validity of a plea of guilty taken before the date of
that decision on June 2, 1969.

2. CRIMINAL LAW—PLEA OF GUILTY—EXAMINATION OF DEFENDANT
—PROCEDURE.

    The method used in examining a defendant relative to the
facts of the crime before accepting his plea of guilty has
always been left to the discretion of the trial court.

Appeal from Recorder's Court of Detroit, Elvin
L. Davenport, J. Submitted Division 1 September
29, 1970, at Grand Rapids. (Docket No. 7,873.)
Decided October 26, 1970.

Therone Webb was convicted, on his plea of guilty,
of attempted larceny from a person. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*

---

REFERENCES FOR POINTS IN HEADNOTES
[1]  16 Am Jur 2d, Constitutional Law §§ 131, 135, 136.
   21 Am Jur 2d, Criminal Law §§ 484, 495.
[2]  21 Am Jur 2d, Criminal Law §§ 486–492.

Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. With the benefit of counsel defendant pled guilty to the included offense of attempted larceny from a person, contrary to MCLA § 750.92 (Stat Ann 1962 Rev § 28.287) ; MCLA § 750.357 (Stat Ann 1954 Rev § 28.589). The plea was accepted by Judge Elvin L. Davenport of the Recorder's Court and on March 25, 1969, defendant was sentenced to a term of two to five years imprisonment. A timely claim of appeal was subsequently filed by court-appointed appellate counsel and presents five questions for review.

Defendant's first contention is that he was not informed of his constitutional right to confrontation or his right to remain silent according to the procedures set out in the decision of the United States Supreme Court in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). As has been previously noted, this Court is of the opinion that *Boykin, supra,* should be given prospective effect only. *People* v. *Boone* (1970), 25 Mich App 136; *People* v. *Taylor* (1970), 23 Mich App 595; *People* v. *Butler* (1970), 23 Mich App 643.

Defendant next objects to the use of leading questions during the court's examination of him relative to the facts of the crime. The method of examination has always been left to the discretion of the trial court. The sole inquiry on appeal is whether the examination sufficiently demonstrates the existence of the crime and the defendant's participation

in it.  This has been satisfactorily accomplished in this case.  The remaining issues are grounded on the contention that the lower court did not properly advise defendant as to the nature of the accusation and the consequences of the plea.  Moreover, it is contended that the examination on the question of voluntariness was insufficient.  We find these contentions to be refuted in the record.  Motion to affirm the decision of the lower court is granted.