PEOPLE *v.* REID

1. CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF OFFENSE.
    Before accepting a plea of guilty, the court is not necessarily
    required to advise the defendant of all the elements of the
    offense, nor is it necessary that the court elicit from defend-
    ant a narration of all the elements of the crime.

2. CRIMINAL LAW—PLEA OF GUILTY—FACTUAL BASIS.
    Examination of a defendant by a court prior to accepting a plea
    of guilty is sufficient if the court satisfies itself from the
    record that there is a factual basis for the plea.

Appeal from Ingham, Sam Street Hughes, J.
Submitted Division 2 September 22, 1970, at Grand
Rapids. (Docket No. 9,745.) Decided October 27,
1970.

Dennis C. Reid was convicted, on his plea of
guilty, of larceny from the person. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Raymond L. Scodel-
ler,* Prosecuting Attorney, and *James R. Ramsey,*
Assistant Prosecuting Attorney, for the people.

*H. Eugene Bennett,* for defendant on appeal.

Before: FITZGERALD, P. J., and HOLBROOK and
T. M. BURNS, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Per Curiam. The people move to affirm (GCR 1963, 817.5[3]) defendant's October 29, 1969 conviction, on plea of guilty, of larceny from the person, contrary to MCLA § 750.357 (Stat Ann 1954 Rev § 28.589), and the six to ten year sentence imposed on him November 21, 1969.

Defendant's sole contention on appeal is that the court did not sufficiently inquire into the nature of defendant's acts in order to ascertain the truth of the plea. Specifically, defendant argues that the court's examination of defendant did not establish defendant's felonious intent.

Before accepting a plea of guilty, the court is not necessarily required to advise the defendant of all of the elements of the offense, *People* v. *Melvin* (1969), 18 Mich App 652, nor is it necessary that the court elicit from defendant a narration of all of the elements of the crime. *People v. Bartlett* (1969), 17 Mich App 205. It is sufficient if the court satisfies itself from the record that there is a factual basis for the plea.

Our examination of the record in this case convinces us of the truthfulness of the plea.

It is manifest that the question sought to be reviewed, upon which decision of the cause depends, is so unsubstantial as to need no argument or formal submission.

Motion to affirm is granted.