PEOPLE *v.* ALLEN

CRIMINAL LAW—PLEA OF GUILTY—ELEMENTS OF OFFENSE—DEFEND-
ANT'S TESTIMONY.
>    Acceptance of a proper plea of guilty does not require that the
>    defendant establish each element of the offense charged by
>    his testimony.

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 January 5, 1971, at Detroit. (Docket No. 9562.) Decided February 25, 1971.

Ronald P. Allen was convicted, on his plea of guilty, of second-degree murder. Defendant appeals. Motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Gerald Curtis,* for defendant on appeal.

Before: FITZGERALD, P. J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant pleaded guilty to the offense of murder in the second degree, contrary to

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 484–496.

MCLA § 750.317 (Stat Ann 1954 Rev § 28.549), and was sentenced to a 20 to 40 year prison term. His appeal as of right from that conviction and sentence is met by a motion to affirm. GCR 1963, 817.5(3).

Defendant argues on appeal that the court should not have accepted his guilty plea because he did not admit in his own words the existence of all of the elements of the crime. It is manifest that the questions sought to be reviewed, on which decision of the cause depends, is so unsubstantial as to need no argument or formal submission. A proper plea of guilty does not require that defendant establish each and every element of the offense by his testimony. *People* v. *Reid* (1970), 27 Mich App 415; *People* v. *Donald T. Moore* (1970), 21 Mich App 150; *People* v. *Bartlett* (1969), 17 Mich App 205. A review of the record in this case establishes that there was a substantial factual basis for defendant's plea.

Motion to affirm is granted.