PEOPLE v. CURTIS

CRIMINAL LAW—IDENTIFICATION—ILLEGAL CONFRONTATION—BURDEN
OF PROOF.
  A defendant who claims that a pretrial confrontation was un-
  necessarily suggestive has the burden to allege and factually
  support his claim where counsel was present at the confronta-
  tion.

Appeal from Recorder's Court of Detroit, Robert
E. DeMascio, J. Submitted Division 1 May 25, 1971,
at Grand Rapids. (Docket No. 9008.) Decided
June 25, 1971.

Walter Lee Curtis was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Robert A. Reu-
ther,* Assistant Prosecuting Attorney, for the people.

*Daniel Siefer,* for defendant on appeal.

Before: FITZGERALD, P. J., and R. B. BURNS and
HOLBROOK, JJ.

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 368.
29 Am Jur 2d, Evidence § 371.
Admissibility of evidence of showup identification as affected by
  allegedly suggestive showup procedures. 39 ALR3d 791.

PER CURIAM. The defendant and two codefendants were convicted after a jury trial of robbery armed. MCLA § 750.529 (Stat Ann 1971 Cum Supp § 28.797). A lineup was held on October 4, 1968, the day after the robbery occurred. The lineup contained the three codefendants and four other men. All were Negroes. An attorney was present representing the rights of the codefendants. There was no request in the trial court for an evidentiary hearing on the fairness of the lineup.

On appeal the question is whether considering the totality of the circumstances was the showup in which the defendant was identified unduly suggestive and in violation of his constitutional right to due process of law.

When counsel is present at a showup the burden is on the defendant to allege and factually support a claim that the confrontation was unnecessarily suggestive. See *People* v. *Young* (1970), 21 Mich App 684. The defendant has not carried that burden.

Additionally, there was overwhelming evidence of the defendant's guilt apart from the identifications at the lineup. *People* v. *Childers* (1969), 20 Mich App 639. The question sought to be reviewed is so unsubstantial as to require no argument or formal submission.

Motion to affirm is granted.