PEOPLE v BURTON

1. CRIMINAL LAW—SENTENCING—PRESENTENCE INTERVIEW.

A judge at sentencing can consider comments the defendant may himself make at a presentence interview since it is proper for the judge to consider factors other than those raised at trial, such as public records, responsible unsworn or out-of-court information relevant to the person's life and character, or other criminal conduct for which a defendant has never been charged or convicted.

2. CRIMINAL LAW—SENTENCING—PRESENTENCE INTERVIEW—PRESENCE OF COUNSEL.

The presence of counsel is not necessary at the presentence interview; the sentencing procedure itself is the proper forum for safeguards where counsel can highlight any irregularities in the presentence report.

3. CRIMINAL LAW—SELF-INCRIMINATION—PRIVILEGE—PRESENTENCE INTERVIEW.

The privilege against self-incrimination does not apply to a presentence interview with a probation officer which takes place after the determination of guilt in the principal charge and has a purpose quite different from the trial.

Appeal from Washtenaw, Ross W. Campbell, J. Submitted Division 2 November 15, 1972, at Lansing. (Docket No. 12185.) Decided February 21, 1973. Leave to appeal denied, 389 Mich 795.

Willie E. Burton was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law § 303.

*Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Arthur E. Lux,* Assistant Prosecuting Attorney, for the people.

*Michael C. Moran,* Assistant State Appellate Defender, for defendant.

Before: QUINN, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. Defendant pled guilty of armed robbery,[1] and was sentenced to a prison term of 20 to 40 years.

His appeal raises two issues. First, he claims he was not sufficiently apprised of his constitutional rights before he pled guilty, and, second, he claims the trial court erred by considering the presentence report which included information that the defendant had committed three other robberies for which he had neither been arrested nor convicted.

The plea taking procedure met all the requirements of *People v Jaworski,* 387 Mich 21 (1972), and we find no merit in defendant's arguments that he must be advised of his right to subpoena witnesses and that the presumption of innocence must be explained to him. Defendant has cited no authority which sustains the arguments. The plea was valid.

Before sentencing, defendant was interviewed by a representative of the probation department. During this interview, defendant told the probation officer that he had committed three other robberies. This information, along with other information, was submitted to the court for purposes of sentencing.

While defendant was informed of his privilege

---

[1] MCLA 750.529; MSA 28.797.

against self-incrimination during the plea taking procedure, he argues he should again be so informed during the presentence interview with the probation department; that at such stage he should have counsel or be afforded the opportunity to waive same before being interviewed by the probation officer.[2]

State law requires inquiry into the "antecedents, character and circumstances" of accused felons by probation officials before sentencing.[3] A copy of the report of the probation officer must be sent to the court. *People v Moton,* 25 Mich App 383 (1970). The purpose of such an inquiry is to guide the court to a more enlightened and just sentence. *Williams v New York,* 337 US 241; 69 S Ct 1079; 93 L Ed 1337 (1949).

It is clear that counsel must be provided at sentencing, since it is a critical stage of criminal proceedings. *People v Dye,* 6 Mich App 217 (1967); *People v Johnson,* 386 Mich 305 (1971). The purpose of counsel at sentencing is to present explanatory or extenuating facts, to make arguments for the mitigation of sentence, to expose assumptions concerning defendant's criminal record which were materially untrue, and to insure the sentence is based on reliable and trustworthy information. *Townsend v Burke,* 334 US 736; 68 S Ct 1252; 92 L Ed 1690 (1948); *United States v Tucker,* 404 US 443; 92 S Ct 589; 30 L Ed 2d 592 (1972).

The purpose of a presentence report is to gather information for the sentencing. Its scope, of necessity, must be broad. *United States v Doyle,* 348 F2d 715 (CA 2, 1965). Since it is proper for a judge at sentencing to consider factors other than those

---

[2] Defense counsel was shown the probation report at a presentence conference.

[3] MCLA 771.14; MSA 28.1144.

raised at trial, *People v Camak,* 5 Mich App 655, 663 (1967), such as public records, *People v Giacalone,* 23 Mich App 163 (1970), responsible unsworn or "out-of-court" information relevant to the person's life and character, *Williams v New York, supra; Williams v Oklahoma,* 358 US 576; 79 S Ct 421; 3 L Ed 2d 516 (1959); *People v Jones,* 19 Mich App 170 (1969), or other criminal conduct, for which a defendant has never been charged or convicted, *United States v Weston,* 448 F2d 626 (CA 9, 1971), he should also consider comments the defendant at the presentence interview may himself make. Its reliability in the instant case seems obvious because of its source.

Defendant cites no authority which supports his argument that he is entitled to counsel at presentence interviews. We do not see a need for the presence of counsel at the presentence interview. To so require would impede the function of the probation department during the interview. Further, the presence of counsel could inhibit defendants from answering questions, which in turn could work to their detriment as the judge would be prevented from obtaining as complete a picture of antecedents, character, and circumstances of the defendant. The sentencing procedure itself should continue to be the proper forum for safeguards where counsel, presumably with the benefit of his client's version of the prior interview, can highlight any irregularities in the report.

While it is true the statements to the probation officer were made without a contemporaneous warning to him of his privilege against self-incrimination, the privilege is not applicable here.

The purpose of the privilege against self-incrimination is to assure that no man will be convicted upon his own coerced confession. *Malloy v Hogan,*

378 US 1; 84 S Ct 1489; 12 L Ed 2d 653 (1964); *Murphy v Waterfront Commission of New York Harbor,* 378 US 52; 84 S Ct 1594; 12 L Ed 2d 678 (1964). In the case before us, defendant's guilt in the principal charge had already been determined. His statements were otherwise voluntarily made but have not been used in a later trial or subsequent criminal prosecution. We do not feel that the privilege should be extended to presentence interviews which take place after the determination of guilt in the principal charge and have a purpose quite different from the trial. See *Williams v New York, supra.*

Affirmed.

All concurred.