PEOPLE v ROYAL

1. Criminal Law—Plea of Guilty—Constitutional Rights—Self-Incrimination—Advice of Rights.

A defendant was sufficiently informed that by pleading guilty he was waiving his privilege against self-incrimination where the trial judge asked the defendant if he understood that if he went to trial he "would not be required to take the stand and testify".

2. Criminal Law—Plea of Guilty—Constitutional Rights—Presumption of Innocence—Compulsory Process—Advice of Rights—Court Rules.

A plea of guilty was valid despite failure of a trial court to inform the defendant of either his presumption of innocence or his right of compulsory process to obtain witnesses as required by court rule, where the rule did not take effect until June 1, 1973, subsequent to defendant's plea (GCR 1963, 785.7).

3. Larceny—Attempted Larceny—Elements.

The elements of attempted larceny are the felonious intent to commit a larceny and an overt act going beyond mere preparation toward its commission.

4. Criminal Law—Plea of Guilty—Factual Basis of Plea—Attempts—Completed Offenses.

The fact that the record of a plea-taking shows that a completed offense was committed is not a ground for reversing a plea-based conviction of attempt.

Appeal from Recorder's Court of Detroit, Donald C. Neitzel, J. Submitted Division 1 December 10, 1973, at Detroit. (Docket No. 16387.) Decided March 6, 1974.

Donald Royal was convicted, on his plea of

References for Points in Headnotes
[1, 2, 4] 21 Am Jur 2d, Criminal Law § 484.
[3] 50 Am Jur 2d, Larceny § 56.

guilty, of attempted larceny from a person. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Benita P. Teschendorf,* for defendant on appeal.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

LESINSKI, C. J. Defendant, originally charged with larceny from a person, MCLA 750.357; MSA 28.589, pled guilty to the crime of attempted larceny from a person, MCLA 750.92; MSA 28.287; MCLA 750.357; MSA 28.589. He appeals as of right.

The defendant asks this Court to set aside his guilty plea on the grounds that the trial court failed to advise him of his privilege against self-incrimination, his presumption of innocence, and his right to present witnesses in his own behalf; and failed to establish a factual basis for the plea.

Regarding the privilege against self-incrimination, the trial court said:

"You understand also that if you were to go to trial you would not be required to take the stand and testify?"

In *People v Butler,* 387 Mich 1, 8; 195 NW2d 268, 271 (1972), the Court said that "a defendant must be *substantially* advised of each of his rights". In

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

*People v Jones,* 40 Mich App 368, 370; 198 NW2d 768, 769 (1972), this Court said in regard to the right against self-incrimination, that "the substance of the question must apprise the accused that he cannot be compelled to take the witness stand and give testimony against himself". Under these principles, the trial court sufficiently informed the defendant that he was waiving his privilege against self-incrimination. As noted in *People v Chappell,* 44 Mich App 204, 207; 205 NW2d 285, 286 (1972):

"*Jaworski* [387 Mich 21; 194 NW2d 868 (1972)] and *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969), do not require a parroted incantation of defendant's constitutional rights. What is required of the trial judge is that he convey to the defendant in a way defendant can understand, what his rights are so that he can act intelligently as concerns these rights."

The trial court did not inform the defendant of either his presumption of innocence or his right of compulsory process to obtain witnesses. The newly revised court rule, GCR 1963, 785.7, requires that the defendant be so informed, but this rule did not take effect until June 1, 1973, subsequent to the defendant's plea. *People v Burton,* 44 Mich App 732, 733; 205 NW2d 873, 874 (1973), *lv to app den,* 389 Mich 795 (1973), answered this issue contrary to the defendant's arguments. *Burton* explicitly held at 733:

"The plea taking procedure met all the requirements of *People v Jaworski,* 387 Mich 21 [194 NW2d 868] (1972), and we find no merit in defendant's arguments that he must be advised of his right to subpoena witnesses and that the presumption of innocence must be explained to him. Defendant has cited no authority which sustains the arguments. The plea was valid."

Finally, the defendant argues that the trial

court failed to sufficiently establish a factual basis for the plea. The Court solicited the following comments from the defendant:

"*The Court:* Now, tell the Court what you did on February 15th.
"*Defendant:* Well, like I was, I was really out running but I saw this lady coming down Joy Road and I snatched her pocketbook and ran with it.
"*The Court:* You intended to see what was in that purse and keep whatever was in there?
"*Defendant:* Yeah."

The crime the defendant pled to was *attempted* larceny from the person. According to *People v Gregory Thomas,* 38 Mich App 777, 780; 197 NW2d 97, 99 (1972), *lv to app den,* 387 Mich 794 (1972):

"The elements of attempted larceny are the felonious intent to commit a larceny and an overt act going beyond mere preparation towards its commission." (Footnote omitted.)

The record of the plea transcript would seem to not only establish an attempt, but also the completed crime itself. The examination was clearly sufficient to demonstrate the existence of the crime and the defendant's participation in it. See *People v Reid,* 27 Mich App 415, 416; 183 NW2d 622 (1970); *People v Webb,* 27 Mich App 339, 340; 183 NW2d 300, 301 (1970). The fact that the record shows the completed offense was committed is not a ground for reversing a plea-based conviction for attempt. *People v Donald Haywood,* 27 Mich App 377, 378; 183 NW2d 623 (1970). A sufficient factual basis was clearly established, and defendant's complaint is without merit.

Affirmed.

All concurred.