PEOPLE v WATSON

1. CRIMINAL LAW—DEFENSES—DRUNKENNESS—INTOXICATION AS DE-
   FENSE—SPECIFIC INTENT.

   Drunkenness cannot excuse a crime, but when a certain intent is
   a necessary element in a crime, the crime cannot have been
   committed when the intent did not exist; in larceny the crime
   does not consist in the wrongful taking of the property, for that
   might be a mere trespass, but it consists in the wrongful taking
   with felonious intent; and if the defendant for any reason
   whatever indulged no such intent, the crime cannot have been
   committed.

2. CRIMINAL LAW—DEFENSES—INTOXICATION AS DEFENSE—INSTRUC-
   TIONS TO JURY—SPECIFIC INTENT.

   An instruction to a jury is reversibly erroneous where it empha-
   sizes the defendant's incapacity to entertain the requisite spe-
   cific intent to commit the offense of breaking and entering with
   intent to commit larceny because of intoxication rather than
   whether the defendant possessed the specific intent.

3. APPEAL AND ERROR—CRIMINAL LAW—INSTRUCTIONS TO JURY—FAIL-
   URE TO OBJECT—MISCARRIAGE OF JUSTICE.

   A defense attorney's failure to object to an erroneous jury in-
   struction does not prevent review on appeal where the instruc-
   tion results in a miscarriage of justice.

Appeal from Oakland, Robert B. Webster, J. Submitted Division 2 December 2, 1974, at Lansing. (Docket No. 17907.) Decided March 10, 1975.

X. L. Watson was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 107, 108.
[3] 5 Am Jur 2d, Appeal and Error § 553.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Richard G. Bensinger,* Assistant Appellate Counsel, for the people.

*Marc L. Goldman,* Assistant State Appellate Defender, for defendant.

Before: D. E. HOLBROOK, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. After a jury trial the defendant was convicted of breaking and entering with intent to commit larceny, MCLA 750.110; MSA 28.305, and sentenced to a term of 5 to 10 years.

The facts show that he was apprehended in a parking attendant's office, at 55 North Perry Street, in the City of Pontiac, shortly after midnight, by an officer who had been summoned to the scene. He was found with a cash box in his hand, but claimed that he was very intoxicated and had broken into the place in order to get out of the cold and have a chance to sleep.

Several issues are raised but consideration of one will be dispositive of this appeal. It centers on the question of whether or not the trial court committed reversible error in its instructions on intoxication.

For a clear understanding of the issue we quote the pertinent part of the instructions:

" * * * However, the specific intent of a criminal and felonious nature is a necessary element of the crime charged, as in the case of breaking and entering, or

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

entry without breaking. If the accused was *so intoxicated* as to be incapable of entertaining such specific intent, he cannot be convicted of such offense, and must be found not guilty and acquitted of such charge.

"In determining whether or not the accused here broke and entered or entered without breaking the structure in this case, with intent to then and there commit larceny, it is material for you to inquire into the mental faculties of the accused at such time, and whether they were *so far* overcome by the effects of intoxication by alcohol as to render him incapable of entertaining that specific intent to commit larceny therein. If his mental faculties were *so far overcome or impaired* by such intoxication that he was not *sufficiently conscious* of what he was doing, or if he did not know what he was doing, I'm sorry, or if he did know what he was doing, but did not really know why he was doing it, or that his actions and the means being used were naturally calculated to constitute the crime of larceny, then he had not sufficient capacity to entertain the specific, the necessary specific intent, and in such event you jurors may not infer any such intent from his actions or omissions, and he must be found not guilty of such offense as charged, that is, if you find from the facts and testimony adduced at this trial, that his appearance, conduct and manners were so unusual and abnormal that his mental faculties and common senses were so far disturbed that his will power was then *suspended beyond conscious control,* then you must find him innocent of the charges regardless of all other facts adduced here, but if you find that he knew what he was doing, and that his actions, with the means he was using, were criminal and larcenous, then the specific intent to commit larceny should be inferred from his acts in the same manner as if he were sober." (Emphasis added.)

The Supreme Court in *People v Crittle*, 390 Mich 367; 212 NW2d 196 (1973), has interpreted a similar charge as being one that emphasizes the defendant's incapacity to entertain the requisite specific intent to commit the offense, rather than

one wherein he possessed the actual specific intent.

The Court in *Crittle,* p 371, quoted with approval the rule promulgated in *People v Walker,* 38 Mich 156, 158 (1878), authored by Justice COOLEY, which reads:

" 'While it is true that drunkenness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass; but it consists in the wrongful taking with felonious intent; and if the defendant for any reason whatever, indulged no such intent, the crime cannot have been committed.' "

After making reference to several cases wherein confusion on these instructions abounds, the Court summarized on page 374 as follows:

"These various rules all have one thing in common. They refer to a *capacity* standard. Their test is not Justice COOLEY's—'[T]he crime cannot have been committed when the intent *did not exist.'* Their test is rather 'the crime cannot have been committed when the intent *could not exist'.* It is obviously a different standard and not to be followed.

"As a consequence trial judges would do well to follow Justice COOLEY's language and posit their instructions in terms of whether in the light of defendant's intoxication he in fact had the required specific felonious intent."

We are not unmindful of the decision of this Court in *People v Scott,* 55 Mich App 739; 223 NW2d 330 (1974), wherein it was held that as long as the court discussed specific intent it was sufficient to overcome capacity language. However,

that decision can be distinguished as here, not only did the court emphasize the language, but the prosecutor compounded the error by explaining the erroneous concept of law in his final arguments.

Also, we realize that counsel failed to object to these instructions. The same situation prevailed in *Crittle* but the Supreme Court held that because of the miscarriage of justice that this oversight did not prevent review on appeal. On the occasion of a new trial a determination should be made as to whether or not the prior misdemeanor convictions were obtained without the assistance of counsel or the valid waiver thereof. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974). See also *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), *People v Renno,* 392 Mich 45; 219 NW2d 422 (1974).

Reversed and remanded for a new trial.