PEOPLE v McKENZIE

1. CRIMINAL LAW—SPECIFIC INTENT—INTOXICATION TEST—INSTRUC-
   TIONS TO JURY—DEFENSE OF INTOXICATION.

   The proper intoxication test, when a judge is instructing the jury
   in a matter where the defendant has been charged with a
   crime requiring a specific intent and the defendant has raised
   intoxication as a defense, is whether or not the intent did in
   fact exist, not whether or not the intent could have existed.

2. CRIMINAL LAW—INSTRUCTIONS TO JURY—SPECIFIC INTENT—INTOXI-
   CATION—CAPACITY TEST.

   Language in instructions to the jury on intoxication as a defense
   to a specific intent crime that creates a capacity test, such as
   the use of the word "incapable", is improper; but terms such as
   "so far", "so far overcome", and "so intoxicated", while they
   add to the confusion, are not improper per se.

3. CRIMINAL LAW—INSTRUCTIONS TO JURY—SPECIFIC INTENT.

   A jury instruction in a trial for a specific intent crime stating
   that if the defendant did not have the requisite specific intent
   he would not be guilty is a proper instruction.

4. CRIMINAL LAW—PROSECUTORS—JURY—EXCHANGE OF GREETINGS—
   APPEAL AND ERROR.

   The exchange of greetings by an assistant prosecutor with one of
   the jurors in the front hall of the courthouse during a defend-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 107, 108.
   75 Am Jur 2d, Trial §§ 743, 744.
[3] 75 Am Jur 2d, Trial §§ 719, 781, 865.
   Duty in instructing jury in criminal prosecution to explain and
   define offense charged. 169 ALR 315.
[4] 47 Am Jur 2d, Jury § 331.
[5, 6] 29 Am Jur 2d, Evidence §§ 555–557.
   Necessity of informing suspect of rights under privilege against self-
   incrimination, prior to police interrogation. 10 ALR3d 1054.
[7] 29 Am Jur 2d, Evidence §§ 611–614.
[8] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*
   21 Am Jur 2d, Criminal Law § 318 *et seq.*

ant's trial, where the trial judge was satisfied after questioning the assistant prosecutor that no impropriety existed and there was no showing of prejudice nor any inference of such, was not error.

5. CRIMINAL LAW—EVIDENCE—DEFENDANT'S STATEMENT—CUSTODY— MIRANDA WARNINGS—HARMLESS ERROR.

The introduction into evidence of a statement of a defendant, made to a police officer before the defendant was advised of his rights, in which the defendant stated that he had in fact been inside the building that he was later charged with entering illegally was not error, where the statement was made in the preliminary stages of the investigation just after the officer had arrived at the scene and before the defendant was in custody; even if the statement were inadmissible, any error would have been harmless where there was an abundance of evidence placing defendant inside the building.

6. CRIMINAL LAW—EVIDENCE—DEFENDANT'S STATEMENT—MIRANDA WARNINGS—CROSS-EXAMINATION—DEFENSE COUNSEL.

The introduction into evidence of a statement of a defendant made to a police officer before the defendant was advised of his rights, in which the defendant stated his reasons for being in a building, was not reversible error, where the testimony was first elicited directly by defense counsel in his cross-examination of the police officer.

7. CRIMINAL LAW—EVIDENCE—CONSTITUTIONAL LAW—DUE PROCESS— UNSOLICITED STATEMENTS.

Due process is not an issue when it appears from the record that a particular statement of a defendant, which was introduced into evidence, was unsolicited and not in response to interrogation by the police.

8. CRIMINAL LAW—CONSTITUTIONAL LAW—APPEAL AND ERROR—INEF- FECTIVE ASSISTANCE OF COUNSEL—RECORD.

A defendant who raises a claim of ineffective assistance of counsel must make the requisite motions in the trial court when the record is otherwise lacking in support of such an alleged issue; the defendant's failure to make the requisite motion leaves the Court of Appeals with no record to review as to that issue.

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted January 3, 1976, at Lansing. (Docket No. 24081.) Decided February 11, 1976.

Jerry L. McKenzie was convicted of breaking and entering a building with intent to commit larceny therein. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Earl R. Spuhler,* for defendant on appeal.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

T. M. BURNS, J. Defendant was charged with breaking and entering a building with intent to commit larceny therein. MCLA 750.110; MSA 28.305. On March 25, 1975, the jury returned a verdict of guilty as charged. Defendant was sentenced to a term of from 5 to 10 years in prison. He appeals as of right.

*Was the jury instruction on intoxication erroneous?*

Evidence was presented at trial that defendant was intoxicated when arrested. The pertinent part of the trial judge's instruction on intoxication was as follows:

"Voluntary intoxication from alcohol is no defense. But when a crime requires a specific intent, it cannot be committed unless the defendant had that intent, here, the intent to steal.

"If his mental faculties were so far overcome by the intoxication or the effects of the consumption of alcohol that he did not have that intent, he could not be guilty of this crime; on the other hand, if the defendant did have the required intent, it is no defense that he was drunk, to whatever extent.

"It is also no defense that he would not have committed the crime if sober, nor because he was drunk he did not think it was wrong to carry out his intention. He does not have to remember what happened. The question is not whether the defendant was intoxicated or under the influence of alcohol; rather, the question is whether was he *[sic]* so intoxicated or so much under the influence of intoxicating liquor that he did not have the required specific intent to steal. All of the evidence in your general knowledge and experience in the affairs of life should be considered."

There has been confusion for some time regarding the propriety of various intoxication instructions. In *People v Crittle*, 390 Mich 367; 212 NW2d 196 (1973), the Supreme Court reviewed the rules concerning intoxication instructions as they related to specific intent crimes. The Court approved of the statement of Justice COOLEY in *People v Walker*, 38 Mich 156, 158 (1878):

"While it is true that drunkeness cannot excuse crime, it is equally true that when a certain intent is a necessary element in a crime, the crime cannot have been committed when the intent did not exist. In larceny the crime does not consist in the wrongful taking of the property, for that might be a mere trespass; but it consists in the wrongful taking with a felonious intent; and if the defendant, for any reason whatever, indulged no such intent, the crime cannot have been committed."

Applying this statement, the Court in *Crittle* disapproved of intoxication instructions which phrased the test in terms of capacity: whether or not the intent could have existed. The proper test is, of course, whether or not the intent did in fact exist. The instruction given in the case at bar employed the proper language and test. The prob-

lem that creates confusion is language that seems to create a capacity test:

"[T]he question is whether he was *so* intoxicated or *so much* under the influence of intoxicating liquor that he did not have the required specific intent to steal." (Emphasis added.)

Such language is not improper because the instruction is clear that the question is whether or not the intent did in fact exist, not whether it could or could not have existed.

Defendant has misinterpreted this Court's holding in *People v Watson,* 59 Mich App 299; 229 NW2d 424 (1975). The fatal phraseology of the instruction involved in that case was the use of the word "incapable". The terms "so far", "so far overcome", and "so intoxicated" add to the confusion, but are not improper per se. By the instruction given in the instant case, the jury was told that if the defendant did not have the requisite specific intent, he would not be guilty. This is a proper instruction.

*Was sufficient inquiry made about an encounter between a juror and a member of the prosecutor's staff outside the courtroom?*

After the verdict was rendered, the prosecutor stated on the record that he observed an assistant prosecutor exchanging greetings with one of the jurors in the front hall of the courthouse. The trial judge responded that he himself witnessed the encounter and heard what was said. The judge stated that he later asked the assistant prosecutor about the matter and was satisfied that no impropriety existed. We find no error here. There is no showing of prejudice nor is there any inference of such.

*Was defendant denied due process by the admission of testimony regarding statements made by him before being informed of his right to remain silent?*

It was revealed at trial that defendant made the following two statements to the police before being advised of his rights:

1. That he had in fact been inside the building that he was charged with entering illegally.

2. That the reason he entered the building was to call the police because he worked for an alarm company.

The introduction of these statements into evidence was not reversibly erroneous. The first statement was made in response to a question asked by the police officer while in the preliminary stages of the investigation. See *People v Reed,* 393 Mich 342, 357; 224 NW2d 867 (1975). The officer had just arrived at the scene and defendant was not in custody. Even were we to find this statement inadmissible, the error would have been harmless. There was an abundance of testimony placing defendant inside the building.

The second statement, regarding defendant's purpose for being inside the building, was testified to by the police officer on cross-examination. The testimony was first elicited directly by defense counsel, hence, defendant cannot claim error. *People v Surles,* 29 Mich App 132; 185 NW2d 126 (1970). Furthermore, it appears from the record that this particular statement was unsolicited and not in response to interrogation by the police. Thus, there is no due process issue.

*Was defendant denied effective assistance of counsel?*

Defendant raises the following factors as proof of ineffective assistance of counsel:

1. Refusal of counsel to challenge certain prospective jurors.

2. Failure of defense counsel to properly subpoena a crucial defense witness.

3. Insistence of defense counsel that defendant take the stand and not to overemphasize his intoxication.

These alleged errors are not supported by the record. There having been no motion for a new trial and an evidentiary hearing, we have no record to review. *People v Moore,* 391 Mich 426; 216 NW2d 770 (1974).

The remaining issue is without merit and does not warrant discussion.

Defendant's conviction and sentence are affirmed.