PEOPLE *v.* WILSON

1. CRIMINAL LAW — EVIDENCE — STATEMENTS — ADMISSIBILITY — WARNING OF RIGHTS.

>The prosecution must show that a defendant was given warnings of his constitutional rights before his in-custody interrogation in order to use statements made at that interrogation for any purpose at trial, and failure to object to the use of the statements at trial does not relieve the prosecution of its obligation.

2. CRIMINAL LAW—IDENTIFICATION—PREJUDICE—LINEUP.

>Unhesitating identification of defendant by victim at trial for indecent liberties obviated objections to the prejudicial manner in which a lineup identification of defendant had been conducted where her experience with the defendant and the length of time taken by the experience, which necessarily imprinted on her mind the description of defendant, gave her an independent basis for the identification untainted by the lineup identification.

3. CRIMINAL LAW — IDENTIFICATION — LINEUP — PARTICIPANTS — DUE PROCESS — PREJUDICE.

>Lineup consisting of the accused and four men, each of whom was at least 3-1/2 inches taller than defendant, was so suggestive as to violate due process and testimony regarding that lineup should be excluded.

Appeal from Recorder's Court of Detroit, George Crockett, Jr., J. Submitted Division 1 November 6, 1969, at Detroit. (Docket No. 6,531.) Decided December 3, 1969.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 555–557.
[2] 30 Am Jur 2d, Evidence § 1143.
[3] Admissibility of evidence as to extrajudicial or pretrial identification of accused. 71 ALR2d 449.

Roy Wilson was convicted of indecent liberties. Defendant appeals. Reversed and remanded for new trial with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* (Defenders' Office—Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and HOLBROOK and QUINN, JJ.

PER CURIAM. Defendant's nonjury trial on a charge of indecent liberties, MCLA § 750.336 (Stat Ann 1954 Rev § 28.568), resulted in his conviction of that offense. He was sentenced and he appeals alleging four grounds of error, one of which is dispositive of this appeal.

The offense occurred May 13, 1967, and defendant was tried January 9, 1968. During cross-examination of defendant, the prosecuting attorney used statements obtained from defendant during in-custody interrogation to impeach the witness. The prosecuting attorney made no showing that the *Miranda*[1] warnings were given to defendant prior to his interrogation, nor did defendant object to the use of the statements. *Miranda* precludes the use of such statements for any purpose unless the prosecution demonstrates that the required warnings were given. Failure to object to the use of the statements

_____

[1] *Miranda* v. *Arizona* (1966), 384 US 436 (86 S Ct 1602, 16 L Ed 2d 694, 10 ALR3d 974).

does not relieve the prosecution of its obligation under *Miranda,* nor does failure to object waive a constitutional right of defendant, *People* v. *Jordan* (1967), 7 Mich App 28, unless it appears that failure to object was intentional and strategic. *United States* v. *Pinto* (CA3, 1968), 394 F2d 470. The latter point is not before us and we decline further comment on it. The prosecution's use of defendant's statements was reversible error.

Defendant also contends that the lineup in which he was placed May 14, 1967 was so suggestive as to violate due process. A review of this record convinces us we need not write to this contention, except as indicated in the next paragraph. The seven-year-old girl involved was alone with defendant for a considerable period of time in an unoccupied house under circumstances[2] which necessarily imprinted on her mind the description of defendant. At trial, she unhesitatingly identified defendant, and we find that she was able to do so regardless of a prior identification at a lineup. Her experience with defendant and the length of such experience gave her an independent basis for identification untainted by any prior lineup identification. See *Gilbert* v. *California* (1967), 388 US 263 (87 S Ct 1951, 18 L Ed 2d 1178).

Defendant's contention that it was error to permit the child's father and a policewoman to testify as to the results of the lineup is not before us. Both testified without objection. *People* v. *Webb* (1968), 13 Mich App 625. However, since this case is remanded for new trial, counsel and the trial court are entitled to our opinion on the legality of the lineup involved in this case.

---

[2] The record indicates defendant took off the girl's underpants and either photographed or pretended to photograph her genital area and that he laid on top of her.

The lineup consisted of defendant, who is 5′ 3–1/2″ tall, and four other men whose heights were 5′ 7″, 5′ 7″, 5′ 9″ and 5′ 10″. This is so suggestive as to violate due process, in our view, and were we the trial judge, we would not admit any testimony concerning the lineup.

The result we have reached obviates discussion of defendant's claim that he did not receive effective assistance of counsel.

Reversed and remanded for new trial at which compliance with *Miranda* shall be demonstrated before any in-custody statements of defendant are admitted in evidence for any purpose.