PEOPLE v PRINCE

1. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHIC IDENTIFICATION—CON-
STITUTIONAL LAW—DUE PROCESS.

A claim that a photographic identification of a defendant was so
suggestive as to amount to a denial of due process of law must
be determined in light of the totality of the surrounding
circumstances.

2. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHIC IDENTIFICATION—UN-
NECESSARY SUGGESTIONS.

Display of a photograph of a defendant to the complainant for
purposes of identification was unnecessarily suggestive where'
the complainant was a ten-year-old girl who had previously
identified the defendant from a group of photographs and at
the time of the second identification only a single photograph
was shown to the girl, she was told that it was a later photo-
graph of the same man she had earlier identified, and was
asked if she was still sure of the identification.

3. CRIMINAL LAW—EVIDENCE—PHOTOGRAPHIC IDENTIFICATION—FAIR-
NESS OF PROCEDURE.

The test of the fairness of a photographic identification procedure
is the degree of suggestion inherent in the manner in which
the suspect's photograph is presented to the witness.

Appeal from Eaton, Richard Robinson, J. Sub-
mitted Division 2 April 3, 1974, at Lansing.
(Docket No. 17107.) Decided August 12, 1974.

William B. Prince was convicted of indecent
exposure. Defendant appeals. Reversed and defend-
ant discharged.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *David L. Smith,*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 368, 369.

Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.,* for defendant.

Before: DANHOF, P. J., and QUINN and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Defendant, William B. Prince, was charged with the crime of indecent exposure (MCLA 750.335[a]; MSA 28.567[1]) and tried without a jury before Judge Richard Robinson of the Eaton County Circuit Court. He was found guilty of the above offense and placed on probation for a period of two years with the first 30 days to be spent in the Eaton County Jail. Defendant appeals as of right.

On April 19, 1972, a man seated in an automobile exposed himself to a ten-year-old girl as she was returning home from school. The school authorities and the police were informed of the incident and the next day the girl was questioned by the police at her school. A photographic display was conducted and the girl picked out a picture of defendant as the person she thought was the man who exposed himself to her. The picture of defendant which the girl selected was several years old and taken at a time when defendant had extremely short hair. A few days later another, more recent, photograph of defendant was shown to the girl by the investigating officer. This photograph showed defendant with longer hair. The officer showed the picture to the girl and explained that it was a later picture of the same man she had earlier identified. She was then asked whether she was still sure this was the same man. She said she thought so.

During the preliminary examination defense counsel questioned the girl about the second photograph. In response to these questions the girl stated that the fact that she knew this was a different picture of the man she had selected earlier helped her to identify him this second time as the man who had been in the car. She also stated that seeing the second picture aided her in making her in-court identification.

Before trial defendant filed a motion to suppress this identification testimony alleging that it was procured through unnecessarily suggestive pretrial identification procedures and that the second photographic identification was obtained in violation of his right to have counsel present. The trial judge denied defendant's motion and at trial the girl was permitted to make an in-court identification and to recount the events surrounding her initial photographic identification. Defendant's conviction resulted.

On this appeal defendant contends that the lower court erred in refusing to suppress the girl's identification testimony. In support of this contention defendant presents two issues for our consideration. We find it necessary to reach only one.

Defendant argues that the second photographic identification was so suggestive as to amount to a denial of due process of law. A claim such as this is one which must be determined in light of the totality of the surrounding circumstances. *Simmons v United States,* 390 US 377; 88 S Ct 967; 19 L Ed 2d 1247 (1968). See *Stovall v Denno,* 388 US 293; 87 S Ct 1967; 18 L Ed 2d 1199 (1967). Judged in this manner we find that the second photographic display was, as defendant argues, so unnecessarily suggestive "as to give rise to a very substantial likelihood of irreparable misidentifica-

tion". *Simmons v United States, supra,* p 384. Indeed, the procedure was so unduly prejudicial as to fatally taint the entire conviction.

The instant case was one where the guilt or innocence of defendant hinged upon the identification testimony of a ten-year-old child who had never before seen the man who exposed himself to her. Her ability to identify the man, therefore, was limited solely to her recollection of his features from this one brief encounter. Based on this she selected defendant's picture from the group she was first shown. The second photographic identification was made a short time later. At this time a single photograph was shown to the girl by a police officer at a time when no other person was present. The officer explained to the girl that this was another picture of the man she had earlier identified and then asked her whether she was still sure it was the man who exposed himself to her.

The inherent suggestiveness of this procedure is readily apparent. Not only does it serve to impress upon the identifying witness's mind that this is the same person earlier identified but also tends to minimize the effect of any doubt the identifying witness may entertain after viewing the second photograph by relating it to the former identification. Furthermore, the procedure employed also tends to suggest the response desired by the investigating officer. The importance of preserving the integrity of identification procedures was recently emphasized by our Supreme Court in *People v Lee,* 391 Mich 618, 626; 218 NW2d 655 (1974). The Court there said:

"[I]t is important that there be safeguards to protect the innocent from misidentification. The showup procedures must minimize suggestiveness for viewers whenever possible.

"The fairness of the identification procedure must be evaluated in the light of the totality of the circumstances. The test is the degree of suggestion inherent in the manner in which the suspect's photograph is presented to the witness for identification."

Whether the girl would have identified this photograph of defendant if a correct procedure had been followed is impossible for us now to say. What we are able to say, though, is that the actual effect of the procedure employed in the case at bar is not something about which we can only guess. The girl testified that the officer's statement helped her to identify this later picture of defendant and that seeing the second picture aided her in making her in-court identification. These circumstances, considered together with the small amount of incriminating evidence presented in this case and with the fact that the prosecutor's case hinged upon the girl's identification of defendant, compel us to reverse this defendant's conviction and order him discharged. Defendant's right to a fair trial was seriously impaired by the procedure employed in this case and we are not persuaded that it did not affect and would not continue to affect defendant's ability to properly conduct a defense.

Conviction reversed; defendant discharged.

All concurred.