PEOPLE v LYLES

1. Homicide—First-Degree Murder—Instructions to Jury—Evidence—Appeal and Error.

A trial court may not give an erroneous charge to a jury, and it is error to instruct the jury to consider a charge of first-degree murder where the proofs submitted by the people do not establish murder in the first degree.

2. Homicide—Deadly Weapons—Malice—Presumption—Inferences.

The law does not imply malice in a homicide where a deadly weapon is used; malice is a permissible inference to be drawn by the jury rather than a presumption of law.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted February 10, 1976, at Detroit. (Docket No. 21871.) Decided March 8, 1976.

Thomas E. Lyles was convicted of manslaughter. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Barry J. Siegel,* Assistant Prosecuting Attorney, for the people.

*Francis Zebot,* Assistant State Appellate Defender, for defendant.

References for Points in Headnotes
[1] 40 Am Jur 2d, Homicide §§ 484, 485.
[2] 40 Am Jur 2d, Homicide §§ 263–267.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and F. C. ZIEM,* JJ.

R. B. BURNS, J. Defendant was charged with murder in the first degree. MCLA 750.316; MSA 28.548. He was found guilty by a jury of manslaughter. MCLA 750.321; MSA 28.553.

He appeals and we reverse.

Defendant claims the trial court erred by submitting the charge of murder in the first degree to the jury. He claims that there was insufficient evidence presented to support premeditation and deliberation and the trial court should have dismissed the count for murder in the first degree.

We have carefully read the transcript in this case and in our opinion the proofs submitted by the people do not establish murder in the first degree and it was error for the trial judge to instruct the jury to consider the charge of first-degree murder. *People v Vail,* 393 Mich 460; 227 NW2d 535 (1975).

Even though the defendant did not object to the charge we are not foreclosed from appellate review, as the trial court may not give an erroneous charge. *People v Liggett,* 378 Mich 706; 148 NW2d 784 (1967).

Also, the trial judge charged the jury, "I charge you further, ladies and gentlemen of the jury, when a firearm is used in the commission of an offense, and there is a killing, there is a presumption of malice by the very use of a firearm".

While there is authority for the proposition that malice may be presumed from the use of a deadly weapon, *People v Martin,* 392 Mich 553; 221 NW2d 336 (1974), clearly indicates that such an instruction is error. On page 561 the Court stated:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"The law does not imply malice where a deadly weapon is used. Michigan has long ago considered malice a permissible inference to be drawn by the jury rather than a presumption of law."

Reversed and remanded for a new trial.