PEOPLE v CONWAY

PEOPLE v LAWRENCE

Opinion of the Court

1. Homicide—Malice—Deadly Weapon—Inferences—Presumptions.

Malice is a permissible inference that may be drawn by a jury where a deadly weapon has been used and is not a presumption of law; therefore, a defendant's conviction will be reversed where a trial judge instructed the jury that the law presumes that a person intended to take life when he assaults another with a deadly weapon in such a manner that the natural and ordinary probable use of such deadly weapon in such a manner would take life.

Dissent by M. J. Kelly, J.

2. Appeal and Error—Instructions to Jury—Failure to Object—Manifest Injustice.

*Errors in a trial judge's instructions to a jury which are not objected to are not subject to appellate review unless the errors rise to such proportions as to reasonably amount to serious error causing manifest injustice.*

3. Homicide—Instructions to Jury—Presumptions—Intent to Take Life—Manifest Injustice—Failure to Object.

*Manifest injustice has not occurred where a trial court's instructions to the jury, when viewed in their entirety, were not so misleading as to deny the defendants their right to a fair trial; therefore, the lower court's convictions of the defendants should be upheld in light of the defendants' failure to object in a murder trial to the trial judge's improper instruction that the law presumes an intent to take life under the circumstances recited.*

---

References for Points in Headnotes
[1] 6 Am Jur 2d, Assault and Battery §§ 51, 53.
[2, 3] 5 Am Jur 2d, Appeal and Error §§ 891, 892.

Appeal from Kent, John H. Vander Wal, J. Submitted June 8, 1976, at Grand Rapids. (Docket Nos. 21527, 21528.) Decided August 23, 1976.

Lionel Conway and Lee W. Lawrence, Jr., were convicted of first-degree murder. Defendants appeal. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Harold S. Sawyer,* Prosecuting Attorney, and *Craig S. Neckers,* Assistant Prosecuting Attorney, for the people.

*John B. Phelps,* Assistant State Appellate Defender, for defendant.

Before: R. B. Burns, P. J., and M. J. Kelly and S. S. Hughes,* JJ.

R. B. Burns, P. J. Defendants were convicted by a jury of first-degree murder, contrary to MCLA 750.316; MSA 28.548. They appeal and we reverse.

The trial judge instructed the jury in part:

"When a man assaults another with a deadly weapon, and a gun is a deadly weapon, in such a manner that the natural and ordinary probable use of such deadly weapon, in such a manner would take life, *the law presumes that such a person so assaulting, intended to take life.*" (Emphasis added.)

*People v Martin,* 392 Mich 553, 561; 221 NW2d 336, 340 (1974), followed in *People v Lyles,* 67 Mich App 620; 242 NW2d 452 (1976), clearly indicates such an instruction is error:

"The law does not imply malice where a deadly

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

weapon is used. Michigan has long ago considered malice a permissible inference to be drawn by the jury rather than a presumption of law."

Reversed and remanded for a new trial.

S. S. HUGHES, J., concurred.

M. J. KELLY, J. *(dissenting).* It is unnecessary to require retrial of these callous and brutal assassins who were convicted by a jury unanimously on all three counts; two of first-degree murder and one of assault with intent to murder.

The appellants were in the company of three acquaintances at an apartment house for 15 or 20 minutes. Thereafter all five left together for a record shop in Grand Rapids. After a brief visit to the record shop where they were looking for a mutual acquaintance, they returned to the Chrysler automobile in which they had arrived, the three victims got in the front and the two defendants-appellants got in the back. After all parties were seated the defendants pulled out revolvers and demanded money from the three in the front. When they were not heeded, the two defendants got out of the car and as soon as they were outside opened fire on the three youths in the front seat. The complaining witness was behind the wheel and was not killed. He drove off with the bodies of his two companions, one with a hole in the top of her head and the other with his leg hanging out the door. The two defendants were driven away by another individual who also testified against them at trial. There was no question about their identity. They were picked up the next day, one of them carrying a revolver which was identified as one of the murder weapons by ballistics. Defend-

ants were convicted after a fair trial. There was no serious error here and there was no injustice.

No objection was offered to the charge and it hardly requires citation that in the absence of objection instructional errors are not subject to appellate review unless they rise to such proportions as to reasonably amount to serious error causing manifest injustice.

The court's instruction was neither conclusive nor shifted the burden of proof. The instruction told the jury only that intent to kill was a permissible inference from defendant's conduct which could be drawn by the jury if the evidence warranted it. *People v Rivera,* 61 Mich App 427; 232 NW2d 727 (1975). The court had earlier instructed the jury that defendants were clothed with a presumption of innocence which existed until the jury found defendants guilty beyond a reasonable doubt. The court further charged that the people carried the burden of proof with regard to each and every element of a crime throughout the trial. The court instructed that intent to kill was to be determined from all the facts and circumstances surrounding the case. I believe that these instructions when viewed in their entirety were not so misleading as to deny the defendants their right to a fair trial. We cannot second-guess experienced defense counsel who choose not to object to certain language when the offending part can be easily and quickly corrected. Indeed, appellate counsel who call on us to exercise our inherent power to avoid serious error and manifest injustice do so in countless numbers of cases. A fair trial is a dynamic thing. Due process does not equate with technical perfection. Indeed there is an extreme danger that appellate tribunals could be manipulated by trial counsel's failure to request proper

instructions and his failure to object to technically imperfect instructions in the hope that an appellate tribunal will find manifest injustice.

The convictions should be affirmed.