## PEOPLE v MORTON

1. CRIMINAL LAW—IDENTIFICATION—LINEUPS—BURDEN OF PROOF—
   SUGGESTIVENESS OF PROCEDURE—PRESENCE OF COUNSEL—IRREP-
   ARABLE MISIDENTIFICATION.

    The burden of proof is placed on a defendant who alleges that a
    lineup was impermissibly suggestive where his counsel was
    present at the lineup; measuring this burden a court must
    consider the totality of the circumstances and determine
    whether the identification procedure was so impermissibly
    suggestive as to give rise to a very substantial likelihood of
    irreparable misidentification.

2. APPEAL AND ERROR—CRIMINAL LAW—LINEUPS—SUGGESTIVENESS OF
   PROCEDURE—SAME CLOTHING—IDENTIFICATION—FACIAL FEA-
   TURES—UNFAIRNESS.

    A trial judge did not improperly foreclose a defendant from
    making a threshold showing that a lineup was impermissibly
    suggestive due to the fact that the defendant wore the same
    clothing during the lineup as when apprehended, where the
    complainant testified that she identified the defendant by his
    facial features and not his clothing, and where, taking all the
    circumstances into account, the defendant has not presented a
    *strong* showing of unfairness.

3. JURY—VERDICTS.

    Juries have the power to bring in a verdict in the teeth of law
    and fact; what may appeal to the judge as "undisputed" need
    not be believed by a jury because it is the sole judge of all the
    facts and can choose, without any apparent logical basis, what
    to believe and what to disbelieve.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 368.

29 Am Jur 2d, Evidence § 371.

Admissibility of evidence as to extrajudicial or pretrial identifica-
tion of accused. 71 ALR2d 449.

Admissibility of evidence of lineup identification as affected by
allegedly suggestive lineup procedures. 39 ALR3d 487.

[3] 47 Am Jur 2d, Jury § 3.

[4] 75 Am Jur 2d, Trial § 882.

4. CRIMINAL LAW—JURY INSTRUCTIONS—CODEFENDANTS—LESSER IN-
CLUDED OFFENSES.

A jury instruction in a case where there are co-defendants that
they might determine "one defendant guilty and the other one
not guilty" does provide adequate latitude for the jury to find
each codefendant guilty of different lesser included offenses.

Appeal from Recorder's Court of Detroit, Dalton
A. Roberson, J. Submitted March 7, 1977, at De-
troit. (Docket No. 27539.) Decided August 8, 1977.

John W. Morton was convicted of armed rob-
bery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Edward Reilly Wilson,* Re-
search, Training and Appeals, and *Andrea L. So-
lak,* Assistant Prosecuting Attorney, for the peo-
ple.

*Robert E. Slameka,* for defendant.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS
and D. C. RILEY, JJ.

V. J. BRENNAN, P. J. On November 6, 1975, de-
fendant John William Morton and codefendant
David Terrence Smith were convicted by jury of
armed robbery, contrary to MCLA 750.529; MSA
28.797. On November 25, 1975, defendant was
sentenced to a prison term of five to ten years.

Complaining witness Phyllis Jones testified that
at approximately 11 p.m. on June 21, 1975, she
stopped at a gas station in the vicinity of Oakman
and Linwood in the City of Detroit to ask for
directions. At this time, defendant and codefend-
ant Smith were present in the gas station. The two

men approached her and asked for a ride down Linwood.

Mrs. Jones allowed the two men to enter her car and proceeded to drive one-half block from the gas station. At that point, defendant Smith told her to turn down Oakman Court and stop the car. Smith took Mrs. Jones's purse while the defendant, who was in the back seat, displayed a gun. Defendant Morton also stated to Mrs. Jones, "Do what he says, because he's crazy". Defendants then forced Mrs. Jones from her car and fled from the scene with the vehicle. Mrs. Jones hailed a passing car and was given a ride back to the gas station where she telephoned the police.

Mrs. Jones positively identified the defendant both at trial and prior to trial in a police lineup.

Shortly after the crime was committed, two police officers received a radio report concerning the robbery. They observed an automobile matching the description of the Jones' automobile. The car was occupied by two males. The officers pulled into a gas station behind the vehicle. However, the suspect automobile sped off at a high rate of speed. Some moments later, the officers observed the suspect vehicle parked in the middle of a street with both doors open. The officers searched the area and apprehended defendant Morton hiding in a nearby garage. One of the police officers, John Danclovic, identified defendant Morton as the driver of the suspect vehicle on the basis of observing him at the service station prior to the chase.

The defendant did not put on a case. Defense counsel simply argued that defendant's identity had not been established beyond a reasonable doubt.

On appeal, defendant brings four allegations of error. We will discuss only two at any length.

Defendant first contends that the trial court committed reversible error by limiting defense counsel's inquiry, during a pretrial hearing, regarding the suggestiveness of the lineup.

Immediately preceding trial, defendant's counsel made a motion for a *Wade*[1] hearing to challenge the pretrial lineup procedure. The lineup occurred within a day of the crime. Apparently, defense counsel did not make an earlier motion to challenge the lineup procedure due to his late assignment as defense counsel.

Initially, the court denied defense counsel's motion for a hearing on the lineup procedure. However, the court relented when the prosecutor stated he had no objection to conducting a hearing. Defense counsel was then given a copy of the lineup sheet; and the complaining witness, Phyllis Jones, was called to the stand. Defense counsel proceeded to ask the complaining witness for the descriptions of the assailants that she had given to the police. The trial judge stopped the questioning and informed defense counsel that he could challenge the suggestiveness of the lineup but could not examine the witness for discovery purposes. Counsel continued, asking the witness when the lineup was conducted and how many people were involved. Counsel then proceeded to ask the witness again for the description she had given the police. The prosecutor objected. The trial court perceived that defense counsel was still using the hearing as a means of discovery and pressed defense counsel for specific allegations of suggestiveness in the lineup proceedings.

After a short recess, defense counsel indicated the basis for the hearing rested upon the allega-

---

[1] *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

tion that the defendant was wearing the same clothes during the lineup that he wore during the commission of the alleged crime. The judge then denied the motion to continue the hearing.

In the instant case, counsel was present during the lineup. When counsel is present at a lineup, the burden is on the defendant to prove the lineup was impermissibly suggestive. *People v Rivera,* 61 Mich App 427, 431; 232 NW2d 727 (1975), *People v Blassingame,* 59 Mich App 327; 229 NW2d 438 (1975), *People v Curtis,* 34 Mich App 616; 192 NW2d 10 (1971), *People v Young,* 21 Mich App 684; 176 NW2d 420 (1970). In measuring this burden, *Rivera* indicates a court must consider the totality of the circumstances and determine whether the identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *People v Rivera, supra,* at 429–430, n 2.

The precise problem in the instant case is whether or not the trial judge improperly foreclosed the defendant from making a threshold showing that the lineup was impermissibly suggestive due to the fact that defendant wore the same clothing during the lineup as when apprehended.

We do not believe wearing the same clothing will always render the lineup impermissibly suggestive.[2] Therefore, we do not believe the court improperly foreclosed the hearing. Our Court has reasoned in support of this position. *People v Jones,* 44 Mich App 633; 205 NW2d 611 (1973). The Court there stated:

"Even assuming defendant was the only lineup par-

---

[2] *See, also,* cases where the fact that defendant is the tallest, or the shortest, or has the darkest complexion does not necessarily render a lineup impermissibly suggestive. *People v Rivera, supra,* at 431–432, *People v Herrera,* 42 Mich App 617, 619–623; 202 NW2d 515 (1972).

ticipant wearing a green T-shirt, we are not convinced an impermissible suggestion arose. Several courts have concluded that wearing of the same clothing at arrest and subsequent lineup will not vitiate the lineup, even where the clothing serves to draw attention away from other lineup participants. *Hernandez v State,* 7 Md App 355; 255 A2d 449 (1969); *Presley v State,* 224 Md 550; 168 A2d 510 (1961), *cert den,* 368 US 957; 7 L Ed 2d 389; 82 S Ct 399 (1961). See also 39 ALR3d 487, § 9, p 500.

"In any event, the identification witness's trial testimony renders the objection insignificant. She stated her identification was hinged on a more crucial factor, defendant's face. Thus, the case is easily distinguished from *People v Hutton,* 21 Mich App 312, 331 [175 NW2d 860] (1970), where the defendant's distinctive clothing was the pivotal identifying factor." *People v Jones, supra,* at 637–638.

As in *Jones,* complainant testified that she identified defendant by facial features and not his clothing. Taking all circumstances into account, then, we do not believe defendant has made the strong showing of unfairness required of him in order to obtain reversal here.

Defendant alleges, secondly, that the trial court improperly refused to give an instruction to the jury which would have permitted them to find each defendant guilty of a different lesser included offense of armed robbery.

The defense in this case was based solely upon an argument of insufficient identification. The direct evidence against the defendant came from the complaining witness. Her testimony indicated that the defendant and codefendant Smith, acting together, forcibly took her purse, containing $20, and her automobile. Defendant, who was seated in the back seat of the car, brandished a gun during the robbery. The jury was instructed that they

could reach five possible verdicts.[3] The jury was also instructed on the law of aiding and abetting. After the jury was excused, but before deliberations had begun, defense counsel objected to the manner in which the jury was instructed to consider the combinations of verdicts. Defense counsel apparently wanted an additional charge explaining that the jury could find each defendant guilty of a different crime.

Defendant argues on appeal only that the court affirmatively excluded the possibility of inconsistent guilty verdicts. *People v Lemmons,* 384 Mich 1, 2–3; 178 NW2d 496 (1970). We find this point without merit. *People v Henry,* 395 Mich 367, 370–374; 236 NW2d 489 (1975). However, the record does imply the trial court instructed that if both defendants were found guilty, they would have to be found guilty of the same offense.

We recognize that juries have the power to bring in a verdict in the teeth of law and fact:

"Because the jury is the sole judge of *all* the facts, it

---

[3] The court charged the jury regarding the possible verdicts as follows:

"Okay. Now, ladies and gentlemen, as I indicated to you, there are five possible verdicts. I'm not telling you which order to consider them.

"You may find the Defendant guilty of robbery armed, or you may find them not guilty.

"You may feel that you want to deliberate further. You may find them guilty of assault with intent to rob armed, or you may find them not guilty.

"You may find them guilty of unarmed robbery or you may find them not guilty.

"You may find them guilty of assault with intent to rob being armed [sic] or not guilty.

*        *        *

"I indicated to you that you may find them guilty. You may find either Mr. Morton guilty or not guilty. You may find Mr. Smith guilty or not guilty. You can find them both guilty and you can find them both not guilty or one guilty and the other one not guilty. That is strictly within your province and not mine."

can choose, without any apparent logical basis, what to believe and what to disbelieve. What may appeal to the judge as 'undisputed' need not be believed by a jury." *People v Chamblis,* 395 Mich 408, 420; 236 NW2d 473 (1975).

We still believe, in this case, the court provided the jury with adequate latitude to find defendants guilty of different lesser included offenses by instructing that they might determine "one defendant guilty and the other one not guilty". We feel this language allowed the possible return of convictions on different lesser offenses.

Of defendant's remaining claims, we would briefly note that the trial court's characterizations of the complainant's testimony, that defendant claims are inaccurate, neither unduly influenced the jury so as to deprive defendant of a fair trial nor "pierced the veil of judicial impartiality". *People v Rogers,* 60 Mich App 652, 655–659; 233 NW2d 8 (1975), *People v Watson,* 52 Mich App 211, 214–215; 217 NW2d 121 (1974).

Finally, we find that the trial court was not unduly restrictive in charging the jury as to the order of their deliberation on lesser included offenses. *People v Erwin,* 70 Mich App 60, 61–64; 245 NW2d 173 (1976).

Affirmed.